IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TOM K. FOGBAWAH,               )
                               )
    Plaintiff,                 )
                               )
    v.                         )  C.A. No. 23-501 (JLH)
                               )
NATIONAL RAILROAD PASSENGER,   )
CORPORATION,                   )
                               )
    Defendant.                 )

# MEMORANDUM OPINION

Tom K. Fogbawah, Wilmington, Delaware, Pro Se Plaintiff.

Jared Thomas Green, Esq., Richard J. Kim, Esq., Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware.  Counsel for Defendant.

September 25, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.      **INTRODUCTION**

Plaintiff Tom K. Fogbawah, proceeding *pro se*, filed a Complaint on May 8, 2023, alleging civil rights and employment violations by Defendant National Railroad Passenger Corporation. (D.I. 2.)  This matter was reassigned to me in January 2024.  Defendant now moves to dismiss the Complaint and to strike certain post-Complaint filings by Plaintiff.  (D.I. 21.)  Additionally, Plaintiff moves for leave to file a sur-reply regarding Defendant's motion to dismiss and strike. (D.I. 34.)  I now resolve the pending motions as follows.

II.     **BACKGROUND**

The Complaint alleges that Defendant retaliated and discriminated against Plaintiff based on disability, race, national origin, and age between August 30, 2021, and February 15, 2022, in Wilmington, Delaware.  (D.I. 2 at 3–4.)  According to the Complaint, Plaintiff sustained a permanent knee injury after an accident at work in 2019.  (*Id.* at 4.)  Plaintiff then initiated legal action in an attempt to have Defendant cover his medical expenses related to the knee injury.  (*Id.* at 5.)  Plaintiff experienced retaliation at work after the lawsuit was filed.  (*Id.*)  The Complaint does not specify the timing, location, parties involved, or other details regarding the alleged retaliation.  As of the filing of the Complaint, the lawsuit remained pending, and Plaintiff's medical expenses were still unpaid.  (*Id.*)

Plaintiff alleges that he contracted COVID-19 in 2021.  (*Id.* at 4.)  After recovering, Plaintiff reported to work and was told by a manager that Plaintiff's position "had been abolished." (*Id.* at 5.)  No additional details are provided, but at some point, Plaintiff resumed work for Defendant.  Then, in 2022, Plaintiff was suspended from work for "harassing [his] co-workers to

1

put their mask[s] on," "with mandatory mental evaluation as a condition to return to work." (*Id.*) This suspension occurred the day after Plaintiff told a co-worker to put on his mask because the co-worker had a runny nose while the two were riding to a worksite together in a company vehicle. (*Id.*)  Plaintiff stopped receiving paychecks from Defendant roughly a month-and-a-half after the suspension.  (*Id.*)

The Complaint states, "A detailed explanation with additional facts will be submitted later."  (*Id.* at 6.)  Finally, the Complaint requests relief in the form of "los[t] wages[,] back pay for all the times that [Plaintiff has] been suspended[,] and return to work as per work experience and education."  (*Id.* at 7.)

### III.  <u>LEGAL STANDARD</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough. *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions.  *Id.* at 679.  "[W]hen the

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

Upon review of the Complaint, and with the benefit of adversarial briefing, the Court concludes that the Complaint fails to state a claim upon which relief can be granted. Specifically, the Complaint alleges workplace discrimination and retaliation by Defendant without providing sufficient facts to render such allegations facially plausible.

For instance, the Complaint provides no examples or details regarding the alleged retaliation Plaintiff experienced in 2019 after Plaintiff pursued legal action to have Defendant cover the medical expenses associated with Plaintiff's on-the-job knee injury. Instead, the Complaint merely alleges that retaliation occurred. This is a legal conclusion, which the Court does not credit in the absence of factual allegations from which retaliation could be reasonably inferred. *See Iqbal*, 556 U.S. at 679.

Additionally, regarding Plaintiff's post-COVID job loss in 2021, the Complaint merely states that Plaintiff's position was "abolished." The Complaint provides no facts from which the Court could reasonably infer that the elimination of Plaintiff's position was retaliatory or discriminatory, as opposed to being based on a temporary lack of work, funds, reorganization, or any other lawful reason. Similarly, the Court cannot reasonably infer from the facts presented that

Plaintiff's suspension in 2022 was retaliatory or discriminatory. The Complaint provides no facts to suggest that the basis for suspension was other than Defendant's given reason, specifically, Plaintiff's harassment of co-workers.

In sum, the Court cannot reasonably infer from the facts alleged in the Complaint that Defendant is liable for discrimination or retaliation against Plaintiff. In other words, the factual allegations in the Complaint do not raise a claim of entitlement to the relief Plaintiff's seeks. *See Twombly*, 550 U.S. at 558. Accordingly, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff will be given an opportunity to file an amended complaint remedying the deficiencies discussed above. If Plaintiff chooses to file an amended complaint, Plaintiff may not add any new claims; Plaintiff may only amend the allegations in the Complaint to remedy the above-discussed deficiencies. Plaintiff should be advised that filing an amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file an amended complaint, this case will be closed.

## V.     **CONCLUSION**

For the above reasons, the Court will grant Defendant's Motion to Dismiss the Complaint. (D.I. 22.) Defendant's motion to strike certain post-Complaint filings (*id.*) will be denied as moot. Plaintiff's motion for leave to file sur-reply (D.I. 34) will be denied.

An appropriate Order will be entered.