IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TOM K. FOGBAWAH,                                    )
                                                   )
                      Plaintiff,                   )
                                                   )    C.A. No. 23-501-JLH-LDH
          v.                                       )
                                                   )                    FILED
NATIONAL RAILROAD PASSENGER                        )
CORPORATION/AMTRAK,                                )            AUG - 5 2026
                                                   )
                      Defendant.                   )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak" or "Defendant") motion to dismiss *pro se* Plaintiff Tom Fogbawah's Amended Complaint for failure to state a claim upon which relief can be granted. (D.I. 72). For the following reasons, I recommend GRANTING-IN-PART and DENYING-IN-PART Defendant's motion.

## I.    BACKGROUND

Plaintiff initiated this action alleging that, between August 30, 2021, and February 15, 2022, Defendant retaliated and discriminated against him based on disability, race, national origin, and age. (D.I. 2 at 3–4.). Defendant filed a Motion to Dismiss and Motion to Strike Certain of Plaintiff's Post-Complaint Filings. (D.I. 21). Having received no timely response to Defendant's motion from Plaintiff, the Court ordered Plaintiff to respond or risk dismissal for failure to prosecute. (D.I. 26). Plaintiff subsequently moved for an extension of time (D.I. 27), which this Court granted (D.I. 28), and Plaintiff eventually responded to Defendant's motion. (D.I. 29).

The Court then granted Defendant's motion to dismiss (D.I. 41, D.I. 42), explaining that Plaintiff did not provide sufficient facts to render allegations of workplace discrimination and

1

retaliation facially plausible. (D.I. 41 at 3). For example, the Court reasoned that "the Complaint provides no examples or details regarding the alleged retaliation Plaintiff experienced in 2019 after Plaintiff pursued legal action to have Defendant cover the medical expenses associated with Plaintiff's on-the-job knee injury." (*Id.*, "[M]erely alleg[ing] that retaliation occurred . . . is a legal conclusion, which the Court does not credit in the absence of factual allegations from which retaliation could be reasonably inferred." (citation omitted)). The Court also explained that while Plaintiff avers his position was "abolished" post-COVID in 2021, the Complaint "provides no facts from which the Court could reasonably infer that the elimination of Plaintiff's position was retaliatory or discriminatory, as opposed to being based on a temporary lack of work, funds, reorganization, or any other lawful reason." (*Id.*). As a result, the Court could not "reasonably infer from the facts presented that Plaintiff's suspension in 2022 was retaliatory or discriminatory." (*Id.* at 3–4).

The Court's dismissal was without prejudice. The Court granted Plaintiff leave to file an Amended Complaint by October 24, 2024. (D.I. 41 at 4, D.I. 42). The Court also warned Plaintiff that "filing an amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice." (D.I. 41 at 4).

Plaintiff then filed various submissions. (D.I. 43, D.I. 44, D.I. 45, D.I. 48, D.I. 49). The Court concluded that none of those submissions constituted an amended complaint that "remedy the deficiencies identified in the Court's . . . opinion [dismissing Plaintiff's Complaint] (D.I. 41)." (D.I. 51). As a result, the Court dismissed the case without prejudice for failure to file an amended complaint and directed the Clerk of Court to close the case. (*Id.*).

Thereafter, Plaintiff filed a "Motion for Continuance and Acceptance of 18 Pages of Amended Complaint." (D.I. 52, D.I. 53). This Court denied Plaintiff's motion for failure to

comply with the Court's prior order and the Federal Rules of Civil Procedure. (D.I. 58).

Plaintiff then filed multiple documents with various titles. (D.I. 59, D.I. 60, D.I. 61, D.I. 62, D.I. 63, D.I. 64). Construing those submissions as seeking leave to file an untimely amended complaint and to reopen his case, the Court granted Plaintiff's request and ordered him to proceed as follows:

> On or before December 4, 2025, Plaintiff shall file an amended complaint, which (1) cures the deficiencies in the complaint previously discussed (*see* D.I. 41, 42), (2) states Plaintiff's claims in full without merely referring to Plaintiff's previous filings in this case, (3) bears Plaintiff's signature, and (4) includes as attachments Plaintiff's charges of discrimination and notice of right to sue. Failure to file an amended complaint that complies with this Order on or before December 4, 2025, will result in dismissal and case closure.

(D.I. 65).

On December 4, 2025, Plaintiff filed a letter and an accompanying exhibit that I understand constitutes Plaintiff's Amended Complaint. (D.I. 66, D.I. 67). Defendant then filed the instant motion to dismiss. (D.I. 72). Plaintiff responded with a Motion for Continuance (D.I. 74), which Defendant opposed (D.I. 76). Plaintiff then filed a Motion for Extension of Time to File a Response to Defendant's opposition (D.I. 77), which this Court granted, ordering Plaintiff to respond by March 18, 2026. (D.I. 78). Plaintiff did not timely file a response. As a result, the Court denied Plaintiff's motion to continue and ordered Plaintiff to respond to Defendant's motion to dismiss by May 1, 2026. (D.I. 80). Plaintiff filed a letter-reply that appears to both address issues with respect to his motion to continue and opposes Defendant's motion to dismiss. (D.I. 81).

## II.    LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

3

*Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.    DISCUSSION

I recommend dismissing Plaintiff's discrimination claims but denying Defendant's motion to dismiss Plaintiff's retaliation claims.

### A.  Discrimination Claims

Even though I construe Plaintiff's *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), Plaintiff's discrimination claims under Title VII and the ADA do not comply with this Court's prior order to file an amended complaint that, among other requirements, "cures the deficiencies in the complaint previously discussed (*see* D.I. 41, 42)" and "states Plaintiff's claims in full without merely referring to Plaintiff's previous filings in this case." (D.I. 65).

To state a discrimination claim under Title VII, a plaintiff must plead facts that: "(1) he is a member of a protected class; (2) he was qualified for the position he sought to attain or retain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3rd Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n.5 (3d Cir. 1996) (en banc)).

Here, Plaintiff alleges that he is "a member of a protected class," but does not identify the protected class of which he purportedly belongs. (D.I. 66 at 2). He does not identify his age or specify his race or national origin. Although Plaintiff alleges that he and his two children "have suffered for 3 years due to an 'adverse employment action'" arising from an alleged demotion to an entry-level janitorial position, he does not provide any other facts as to when the alleged demotion occurred, by whom it was initiated, or how the demotion occurred under circumstances that could give rise to an inference of intentional discrimination. (*Id.* at 2-3). As a result, the Amended Complaint does not cure the Complaint's deficiencies, that is "alleg[ing] workplace discrimination . . . without providing sufficient facts to render such allegations facially plausible . . ." as this Court required. (D.I. 41 at 3). Thus, Plaintiff's Amended Complaint does not state a discrimination claim under Title VII. *See, e.g., Dawkins v. Quadratec*, C.A. No. 25-7324, 2026 WL 497835, at *4 (E.D. Pa. Feb. 23, 2026) ("[Plaintiff] does not plead sufficient facts to support her claims. Crucially, she does not allege any facts as to her membership in a protected class, which is fatal to her claims. She checked the box indicating her claims are based on race discrimination, but she does not identify her race, let alone provide a causal link between her race and any adverse employment action, as she must in order to state a Title VII claim."); *Barrett v. Staff Mgmt. Grp., LLC*, C.A. No. 18-14062, 2018 WL 5874089, at *2 (D.N.J. Nov. 9, 2018) (dismissing Title VII

cause of action because plaintiff "does not allege anywhere the basis for Plaintiff's membership in a protected class" and "has not alleged facts related to her termination, nor has she clearly identified those particular factual allegations that would allow the Court to draw the reasonable inference that Defendant is liable for that particular cause of action").

Neither does Plaintiff's Amended Complaint state a disability discrimination claim under the ADA. To do so, a plaintiff must plead facts that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting *Gaul v. Lucent Technologies*, 134 F.3d 576, 580 (3d Cir. 1998)). Under the ADA, "[a] 'disability' is defined as: '(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment.'" *Taylor,* 184 F.3d at 305-06 (citing 42 U.S.C. § 12102(2)).

Here, Plaintiff seems to suggest that Defendant "wrongfully regarded" him as disabled because Defendant sought a "fitness for duty" evaluation. ( D.I. 66 at 5). But a plaintiff "may not rely solely on the [employer's] request for a medical examination in order to demonstrate that it 'regarded' [plaintiff] as disabled." *Behanna v. Monongahela Valley Hosp.*, C.A. No. 09-0241, 2010 WL 4340961, at *7 (W.D. Pa. Oct. 22, 2010); *see Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 511–12 (3d Cir. 2001). Plaintiff does not identify any "specific type of impairment that he had or was regarded as having." *See Terry v. Town of Morristown*, 446 F. App'x 457, 461 (3d Cir. 2011). He does not allege who regarded him as disabled, how that perception affected his employment, or that Defendant treated him as substantially impaired. *See id.* (citing *Bailey v.*

*Georgia–Pacific Corp.*, 306 F.3d 1162, 1169 (1st Cir. 2002) ("A plaintiff claiming that he is regarded as disabled cannot merely show that his employer perceived him as *somehow* disabled; rather he must prove that the employer regarded him as disabled *within the meaning of the ADA.*")); *see also Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 187 (3d Cir. 1999). Plaintiff's conclusory allegations reciting the elements of a disability discrimination—that is, that he did "nothing to suggest that [he] was unable to perform the essential functions of [his] job" and that "Amtrak restricted [his] ability to return to [his] position based on improper discrimination"—are not sufficient. (D.I. 66 at 5–6); *see Iqbal*, 556 U.S. at 678–79.

To the extent Plaintiff's April 20, 2026, letter-brief contains additional facts that could help this Court evaluate the sufficiency of Plaintiff's discrimination claims, "[t]his information is not contained in the Complaint or Amended Complaint and is raised for the first time in Plaintiff's opposition to the motion to dismiss." *Schiavo v. Carney*, 548 F.Supp.3d 437, 441 n.3 (D. Del. 2021), *aff'd*, C.A. No. 21-2368, 2021 WL 6550638 (3d Cir. Nov. 18, 2021). "Plaintiff may not amend his complaint through his opposition brief, and these new facts may not be considered by the Court on the instant motion to dismiss." *Id.* (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

To the extent Plaintiff intends his Amended Complaint to impliedly incorporate allegations made in prior filings (*Compare* D.I. 66, *with* D.I. 2), accepting such an approach would contravene this Court's prior order requiring Plaintiff to file an amended complaint that "states [his] claims in full." (D.I. 65).

Accordingly, I recommend granting Defendant's motion to dismiss Plaintiff's discrimination claims under Title VII and the ADA and dismiss those claims with prejudice

consistent with this Court's prior warning and the procedural posture of this case affording Plaintiff multiple opportunities to comply with both Court orders and the Federal Rules. (*See, e.g.*, D.I. 41 at 4, "filing an amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice").

## B. Retaliation

To state a retaliation claim under Title VII, Plaintiff must plead facts that: "(1) [the plaintiff] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [the plaintiff]; and (3) there was a causal connection between [the plaintiff's] participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006). "[A] plaintiff may rely on a broad array of evidence to demonstrate the causal link between [the] protected activity and the adverse [employment] action taken." *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (internal quotation marks and citations omitted). A plaintiff can meet this burden by "proffering evidence of an employer's inconsistent explanation for taking an adverse employment action," *Carvalho-Grevious*, 851 F.3d at 260 (citing *Waddell v. Small Tube Products, Inc.*, 799 F.2d 69, 73 (3d Cir. 1986)), "a pattern of antagonism," *Carvalho-Grevious*, 851 F.3d at 260 (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 921 (3d Cir. 1997)), or "temporal proximity unusually suggestive of retaliatory motive," *Carvalho-Grevious*, 851 F.3d at 260 (citing *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000)). "These are not the exclusive ways to show causation, as the proffered evidence, looked at as a whole, may suffice to raise the inference." *Kachmar v. SunGard Data Systems, Inc*, 109 F.3d 173, 177.

Here, Defendant does not dispute that "filing a report with labor relations" in January 2022 complaining of discrimination constitutes protected activity. (D.I. 66 at 7).[1] Defendant does not dispute that the Amended Complaint is "specific enough to notify management of the particular type of discrimination at issue in order to constitute 'protected activity.'" *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 288 (3d Cir. 2010) (citations omitted). Nor does Defendant dispute that Plaintiff's suspension on February 16, 2022, constitutes an adverse employment action. (D.I. 66 at 7).

Instead, Defendant argues (without citation to any authority) that Plaintiff's suspension "close in time to his report to labor relations" is alone insufficient to establish causation. (D.I. 76 at 6).[2] But at the motion to dismiss stage where I construe Plaintiff's Amended Complaint in his favor, courts have found that allegations similar to what Plaintiff pleaded here are sufficient to

---

[1] "The Third Circuit has held that formal and informal complaints of discrimination . . . constitute protected activities." *Smith v. RB Distrib., Inc.,* No. 20-900, 2020 WL 6321579, at *10 (E.D. Pa. Oct. 28, 2020) (citing *Abramson v. William Paterson Coll. of N.J.,* 260 F.3d 265, 288 (3d Cir. 2001)).

[2] Although Defendant argues that "[t]his Court has already determined that these allegations fail to satisfy Rule 8," the allegations in Plaintiff's Amended Complaint differ from the allegations in Plaintiff's Complaint. Specifically, while his Complaint did not explain that he filed a report with labor relations alleging discrimination before being suspended, his Amended Complaint does. (*Compare* D.I. 2, *with* D.I. 66). Thus, with respect to Plaintiff's retaliation claim, he has complied with this Court's prior order to file an amended complaint that "cures the deficiencies in the complaint previously discussed (*see* D.I. 41, 42)" and "states Plaintiff's claims in full without merely referring to Plaintiff's previous filings in this case." (D.I. 65).

Further, although Defendant argues that "temporal proximity alone, without more, is insufficient to establish causation," the Third Circuit has explained that "an inference of retaliation" can arise from the temporal proximity of less than three months between the protected activity and the adverse employment action. *Fasold v. Just.,* 409 F.3d 178, 189–90 (3d Cir. 2005) ("Fasold filed his administrative claim on June 21, 2002. Castor denied Fasold's grievance on September 11, 2002, less than three months later. We have held that when only a short period of time separates an aggrieved employee's protected conduct and an adverse employment decision, such temporal proximity may provide an evidentiary basis from which an inference of retaliation can be drawn.") (citation omitted).

reasonably infer a causal connection between Plaintiff's protected activity and the adverse employment action. *See Ghalib v. Lycoming Coll.*, C.A. No. 25-00463, 2025 WL 2713740, at *4 (M.D. Pa. Sept. 23, 2025) ("Here, Plaintiff has alleged that in early May 2024 he complained of the alleged discrimination, and by July his hours had been reduced to zero. That falls directly within the temporal proximity that the Third Circuit has found to support an inference of retaliation."); *see also Leavines v. Ollie's Bargain Outlet, Inc.*, C.A. No. 24-932, 2025 WL 1635192, at *5 (W.D. Pa. June 10, 2025) ("Plaintiff has alleged that she engaged in protected activity, *i.e.*, complaining about sexual harassment in the workplace . . . was then subjected to adverse employment actions that included sexual assault, exploitation, not being scheduled for work shifts and ultimately, being terminated, and that all of these actions occurred within one month of the protected activity . . . [t]hese allegations are sufficient at this stage of the proceedings to state a retaliation claim under Title VII."); *see also E.E.O.C. v. Turkey Hill Dairy, Inc.*, C.A. No. 06-04332, 2007 WL 2407095, at *6 (E.D. Pa. Aug. 8, 2007) ("Plaintiff's Complaint states that Mr. Rush was discharged from his employment with defendant within one month after Rush's last complaint of harassment, on January 23, 2006. I find this statement sufficient to fulfill the pleading requirements of Rule 8(a), to put the defendant on notice of the basis of plaintiff's claim, and to raise the inference that his firing was close enough in time to satisfy the causation factor of the retaliation requirements."). Defendant provides me with no authority suggesting that at the motion to dismiss stage Plaintiff's allegations are insufficient. Accordingly, I recommend denying Defendant's motion to dismiss Plaintiff's retaliation claim.

## IV.    CONCLUSION

For the foregoing reasons, I recommend GRANTING-IN-PART Defendant's motion by dismissing his discrimination claims with prejudice.    I recommend otherwise DENYING Defendant's motion.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages.  The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).  Parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website, https://www.ded.uscourts.gov.


Date: August 5, 2026



_____
United States Magistrate Judge

11