**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TOM K. FOGBAWAH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 23-501 (JLH) |

**ORDER**

At Wilmington, this 3rd day of September, 2026:

WHEREAS, on January 16, 2026, Defendant filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim (D.I. 72);

WHEREAS, on August 5, 2026, U.S. Magistrate Judge Laura D. Hatcher issued a Report and Recommendation ("R&R"), which recommended that the Court grant Defendant's motion in part and deny it in part (D.I. 82);

WHEREAS, on August 19, 2026, Plaintiff filed Objections to the R&R (D.I. 85), and on September 2, 2026, Defendant responded (D.I. 86);

WHEREAS, the Court reviews the Objections de novo, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C);

WHEREAS, Plaintiff argues that the R&R incorrectly recommended dismissal of his discrimination claims (under Title VII, the ADEA, and the ADA) (D.I. 85);

WHEREAS, the Court agrees with the R&R that the Amended Complaint fails to plausibly allege that Plaintiff was discriminated against in violation of Title VII, ADEA, or the ADA, for the reasons set forth in the R&R;[1]

WHEREAS, to the extent Plaintiff's Objections contain new allegations and arguments not set forth in the Amended Complaint and/or not presented to Judge Hatcher, they will not be considered by the Court;[2]

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Plaintiff's Objections (D.I. 85) are OVERRULED.

2. The R&R (D.I. 82) is ADOPTED.

3. Defendant's motion to dismiss (D.I. 72) is denied insofar as it seeks dismissal of Plaintiff's claim that he was retaliated against in violation of Title VII.

4. Defendant's motion to dismiss (D.I. 72) is granted insofar as it seeks dismissal of all claims except for the Title VII retaliation claim. All other claims are DISMISSED.

The Honorable Jennifer L. Hall
United States District Judge

---

[1] Documents attached to Plaintiff's Amended Complaint suggest that Plaintiff alleges he is an African American from Sierra Leone, and that he was born in 1965 (D.I. 66, 67); however, the Amended Complaint nevertheless fails to allege factual circumstances that could give rise to a plausible inference of discrimination.

Plaintiff contends that Judge Hatcher should not have dismissed his claims for "wrongful suspension" (D.I. 85), but "wrongful suspension" is not itself a standalone cause of action. And the Court agrees with the R&R that the Amended Complaint fails to allege facts plausibly suggesting that Plaintiff was suspended on the basis of a protected characteristic.

[2] Indeed, as the R&R correctly explained, facts not alleged in the Amended Complaint are not appropriately considered by the Court, especially where, as here, the Court expressly ordered Plaintiff that any amended pleading must state his alleged claims "in full." (D.I. 65.)